CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 01 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:07cr00014 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| OSHA DESMOND CASEY | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

    Osha Desmond Casey, a federal inmate proceeding *pro se*, has filed this motion pursuant to 28 U.S.C. § 2255, challenging his sentence reductions under 18 U.S.C. § 3582(c)(2). Because a sentence reduction under § 3582(c)(2) is not subject to attack by a § 2255 motion, the court dismisses Casey's motion without prejudice.

    On August 30, 2007, the court sentenced Casey to 156 months' imprisonment on one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). In April of 2008, the court ordered that Casey's sentence be reduced to 140 months, pursuant to 18 U.S.C. § 3582(c)(2). On October 6, 2011, the court ordered an additional twenty-month reduction. While Casey's instant motion is difficult to decipher, one thing is clear: he believes the court has not appropriately reduced his sentence. Instead, he claims, his sentence should be reduced to thirty-seven months, permitting him release on time served.

    In general, § 2255 is a means for challenging the validity of an underlying conviction or sentence. See In re Jones, 226 F.3d 328, 332–33 (4th Cir. 2000). Under § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 is not, however, a vehicle for attacking a sentence reduction under § 3582(c)(2). If a prisoner is not satisfied with his § 3582(c)(2) sentence reduction, his remedy lies in an appeal to the Fourth Circuit Court of Appeals. See United States v. Goodwyn, 596 F.3d 233, 235–36 (4th Cir. 2010); see also United States v. Woodson, 433 Fed. App'x 191, 193 (4th Cir. 2011) ("[B]ecause the defendant had an opportunity to persuade the district court to modify his sentence pursuant to § 3582, the defendant is obligated to appeal an unsatisfactory result rather than ask the district court to reconsider its denial."). And, to the extent Casey seeks reconsideration of his sentence reduction, the same reasoning forecloses any reconsideration by this court. Accordingly, the court dismisses Casey's motion without prejudice.

    **ENTER**: October 1, 2012.

_____
UNITED STATES DISTRICT JUDGE

2

Case 7:07-cr-00014-SGW-RSB   Document 43   Filed 10/01/12   Page 2 of 2   Pageid#: 89